UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
                         )
V.                       )    CRIMINAL No. 11-10404-DJC
                         )
MICHAEL E. DAVIS         )

GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this memorandum in connection with the upcoming sentencing hearing in this matter, currently scheduled for March 26, 2014.  Defendant has pled guilty to Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(4)(B).  In the Pre-Sentence Report (PSR) dated February 2, 2014, the U.S. Probation Office determined that Defendant's Total Offense Level is 24 [PSR ¶29].  Defendant has no criminal history relevant to a Guidelines criminal history analysis, setting his criminal history score at zero and his Criminal History Category at I [PSR ¶ 32].  Based on this determination, the Advisory Guideline Range is 51-63 months' imprisonment.  Possession of Child Pornography does not carry a mandatory minimum sentence, but does carry a maximum sentence of ten years' imprisonment, supervised release for a minimum of 5 years to life, a $250,000 fine and a mandatory special assessment of $100.00.

For the facts outlined below, the Government recommends a

1

sentence of 41 months' imprisonment, lifetime supervised release, and a special assessment of $100.  Defendant shall, in addition to the standard terms of his release, be required to register as a sex offender upon his release from prison, pursuant to 18 U.S.C. §3583(d).  Defendant shall keep his registration current, and shall notify the state sex offender registry agency or agencies of any changes to Defendant's name, place of residence, employment, student status, or other relevant information.

### DEFENDANT'S CRIMINAL OFFENSE[1]

In October of 2008, agents in the FBI's Boston Field Office received information that an individual by the name of Michael E. Davis (the defendant here) had purchased access to four child pornography sites between September of 2006 and July of 2007.  [PSR ¶8].  In December of 2010, FBI Special Agents contacted Defendant Davis and arranged for an interview.  [PSR ¶9].  During the interview, Defendant admitted he had paid for a 30-day subscription to a child pornography website and that he had in fact downloaded several child pornography videos from the website onto his computer.  [PSR ¶9].  Defendant indicated that the children depicted in the pornographic videos were approximately four years old.  [PSR ¶9].

Defendant agreed, when asked, to take the Agents to his

---

1 This summary of the factual basis for Defendant's indictment and subsequent guilty plea is derived from the uncontested statement of facts supplied to the Probation Office on November 20, 2013, which statement is contained in the PSR. [PSR ¶¶ 7-16]

residence.  [PSR ¶10].  He consented to a search of his computer and the search revealed child pornography present on the computer. [PSR ¶10].  Further forensic examination of the computer indicated that it contained approximately 150 child pornography videos and over 100 child pornography images.  [PSR ¶11].  The child pornography videos included depictions of prepubescent children exposing their genitalia and engaging in sexually explicit contact with adult males, and the child pornography images depict prepubescent children performing sex acts with adult males. [PSR ¶12].  None of the images found on the computer portray sadistic or masochistic conduct or other depictions of violence.  [PSR ¶13].  The FBI has identified at least four of the child victims depicted in Defendant's pornography collection; the Probation Office has received victim impact statements that will be forwarded to the court.  [PSR ¶14]. The victims have not requested restitution as yet.  [PSR ¶14].

On December 7, 2011, Defendant was charged in a one-count Indictment with Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(4)(B).  [PSR ¶1].  FBI agents arrested him on December 8, 2011, and he was released on an unsecured bond with pre-trial conditions.  [PSR ¶2].  The Defendant pled guilty on November 19, 2013.  [PSR ¶3].  There was no plea agreement.  [PSR ¶4]. Based on available information, Defendant has complied with all court-ordered conditions of release.  [PSR ¶5].

3

ARGUMENT

I.    The Applicable Sentencing Guidelines

The U.S. Probation Office has calculated Defendant's Adjusted Offense Level at 27.  [PSR ¶25].  The Probation Office's Guidelines analysis is as follows:

1. Offense Level Computation

   a. Defendant has been convicted for violating 18 U.S.C. §2252(a)(4)(B), possession of child pornography.  The Guideline provision for this violation is U.S.S.G. §2G2.2, which assigns a Base Offense Level of 18.  [PSR ¶18].

   b. The materials involved prepubescent minors; two offense levels are added pursuant to U.S.S.G. §2G2.2(b)(2). [PSR ¶19].

   c. The offense involved use of a computer; two offense levels are added pursuant to U.S.S.G. §2G2.2(b)(6). [PSR ¶20].

   d. The offense involved possession of more than 600 images; five offense levels are added pursuant to U.S.S.G. §2G2.2(b)(7)(d).  [PSR ¶21].

   e. The Defendant demonstrated acceptance of responsibility for the offense.  Three offense levels are removed pursuant to U.S.S.G. §3E1.1(a-b).  [PSR ¶27-28].

This calculation produces a Total Offense Level of 24. [PSR ¶29]

2. Criminal History Category

Defendant has no criminal convictions.  [PSR ¶30-31].

4

Therefore, his criminal history score is zero, meaning that his Criminal History Category is I. [PSR ¶32].

The Total Offense Level of 24 and the Criminal History Category of I indicate an Advisory Guidelines Range of 51-63 months' imprisonment.  [PSR ¶74].

II.  The Government's Sentencing Recommendation

The Government recommends a downward departure from the Guidelines in this instance.  The Government agrees with the appropriate guideline calculation is at Level 24 with a Criminal History Category of I, which results in an advisory range of 51-63 months imprisonment.  [PSR ¶41].  The Government, although the facts of this case could warrant, is not seeking a sentence within the advisory guidelines, an upward variance, or upward departure. In this regard, the Government believes a sentence of 41 months' imprisonment, lifetime supervised release, and a special assessment of $100 would adequately meet the sentencing objectives outlined in 18 U.S.C. §3553.  In addition, upon defendant's release from prison, he shall be required to "register, and keep the registration current, in each jurisdiction where the [he] resides," by providing certain "information to the appropriate official for inclusion in the sex offender registry.  42 U.S.C. §16913(a); United States v. Morales-Cruz, 712 F.3d 71, 74 (1st Cir. 2013).

Due to the fact the defendant is required to register under

the Sex Offender Registration and Notification Act, the Government
believes this Court should order, as an explicit condition of
supervised release, that the defendant be required to submit his
person, and any property, house, residence, vehicle, papers,
computer, other electronic communications or data storage devices
or media, and effects to search at any time, with or without a warrant
pursuant to 18 U.S.C. §3583(d).  Defendant shall keep his
registration current and notify any agency or agencies of any changes
to Defendant's name, place of residence, employment, student status,
or other relevant information.

A sentence of 41 months' imprisonment, lower than the 51-63
months recommended, is supported by factors set forth in 18 U.S.C.
§3553 and is fair and reasonable. The details of the nature and
circumstances of Defendant's offenses are set forth in the
Pre-Sentence Report, which has not been contested.  His sexual
interest in children is evident from the images possessed by the
Defendant.  However, his full cooperation with the FBI investigation
and otherwise clean criminal record warrants a lower sentence than
the guidelines recommend.

The Defendant was found in possession of approximately 150
videos of child-related pornographic materials; as well as
approximately 100 thumbnail images.  This equates to approximately
11,250 images in total.  Furthermore, the Defendant purchased

6

membership level access to four different child pornography websites from 2006 to 2007.  The Defendant downloaded various videos from these websites and saved them in different files on his computer. These videos contained images of prepubescent children exposing their genitalia and engaging in sexually explicitly contact with adult males.  The images found on the computer depicted prepubescent children performing sexual acts on adult males.

A sentence of 41 months, while below the Guideline range, would provide "just punishment" for his offenses, promote respect for federal child exploitation laws, and reflect the seriousness of his offenses and child pornography offenses in general.  Consumers of child pornography create a market and demand for the production of images and videos depicting the sexual abuse and exploitation of real children. These consumers therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by the children used to produce the images and videos in their collections. *See United States v Goff*, 501 F.3d 250, 259-260 (3rd Cir. 2007) ("Children are exploited, molested and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography.

Congress, the Supreme Court, and the Sentencing Commission have all expressed the view that deterrence is an important factor when fashioning an appropriate sentence in child pornography cases. *United States v. Ferber*, 458 U.S. 747, 760 (1982). "The most

7

expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product. *Id.* By imposing a sentence of 41 months imprisonment, the Court is in position to send a message to the Defendant and individuals who share a morbid fascination with watching the manipulation and abuse of innocent children. Such a sentence would cause future individuals like the Defendant to decide it is not worth the risk to engage in the possession of child pornography.

The government has been able to identify a number of the children depicted in the materials possessed by the Defendant. The impact upon these children and their families is significant and should be considered by this court in rendering its final disposition.

Defendant's child pornography activity continues to pose a serious threat to the public. However, given the cooperation of the Defendant in the investigation, as well as his voluntary acceptance of responsibility, the Government believes a lower variance is warranted. The Government believes their recommendation, a significant departure from the Sentencing Guidelines, would adequately serve the goal of deterrence and punishing the Defendant. Such a sentence is appropriate, fair, and necessary under the factors set forth in 18 U.S.C. §3553(a).

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney
(617) 748-3686

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

/s/ *Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney