UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-cr-10404-DJC |
| ) | |
| MICHAEL E. DAVIS, ) | |
| Defendant. ) | |

**MOTION TO PERMIT SELF-SURRENDER IN THE EVENT A SENTENCE OF
INCARCERATION IS IMPOSED**

Defendant, Michael Davis, respectfully moves, in the event the Court imposes a sentence of incarceration, that he be permitted to self-surrender to the facility designated by the Bureau of Prisons.

As the change of plea hearing in this matter, on November 19, 2013, the Court deferred acceptance of the Defendant's plea until the time of sentencing. D.E. 69. It is anticipated that the Court will accept Defendant's plea at the sentencing hearing scheduled for this afternoon, Wednesday, April 23, 2014, at 2:00 p.m., prior to imposing the sentence. If the Court sentences Mr. Davis to imprisonment, the so-called mandatory detention provisions of the bail statute will be triggered.

This provision provides that under 18 U.S.C. § 3143(a), the judicial officer "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) or subsection (f)(1) of section 3142 … be detained." Such cases include "crimes of violence." Every offense listed in Chapters 109A, 110 and 117 of Title 18, including possession of child pornography, is included in this definition of "crime of violence." 18 U.S.C. § 3156(a)(4)(C).

There is, however, a "safety-valve" exception to the mandatory detention requirement. Section 3143(a)(2) is limited and modified by §3145(c), which states:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. §3145(c)

This provision has been treated as creating an exception to the so-called "mandatory" detention provision of section 3143. *See, e.g., United States v. DiSoma*, 951 F.2d 494, 496 (2d Cir. 1991) (affirming district court's order releasing defendant, convicted of conspiring to commit Hobbs Act robbery). While the First Circuit has not expressly construed the scope of section 3145(c), in *United States v. Mitchell*, 23 F.3d 1 (1st Cir. 1994), the Court assumed without deciding that the district court had the discretion to consider continued release pending sentencing and observed without comment that the district court had delayed the defendant's surrender for "family considerations" pursuant to section 3145(c). *Id.* at 2; *see also United States v. Weiner*, 972 F.2d 337, 1992 WL 180697 (1st Cir. 1992) ("district courts have wide discretion in deciding whether to invoke [section 3145(c)]")(unpublished table decision).

Here, while Mr. Davis is "subject to detention pursuant to section 3143(a)(2)," he also "meets the conditions of release set forth in section 3143(a)(1)." That is, there is clear and convincing evidence — e.g., a more than two-year track record of scrupulous compliance with release conditions — that Mr. Davis "is not likely to flee or pose a danger to the community if released." 18 U.S.C. § 3143(a)(1).

Mr. Davis therefore was and is eligible to remain on release conditions "if it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

District Courts have found "exceptional reasons" under § 3145(c) for continued release in a wide variety of circumstances. *See, e.g., United States v. Pires*, 08-cr-10063-RWZ, D.E. 117 "Sentencing Hearing," (Jan. 6, 2010) (granting a motion on similar grounds as presented here, and allowing defendant convicted after trial and sentenced to the mandatory minimum of five years to self-surrender over government objection); *United States v. Boesse*, 08-10232-MLW, D.E. 51 "Change of Plea," (Jan. 9, 2009) (finding "exceptional circumstances" pursuant to 3145(c) to allow defendant to continue to participate in on-going Department of Children and Families reunification plan with his children because "it would be in the best interest of the defendant's children for him to be released," noting the classification of child pornography receipt as a crime of violence to be a "nonintuitive" classification; defendant later permitted to self-surrender after sentencing); *United States v. Bleka*, 2005 U.S. Dist. Lexis 32153 (N.D. Ill. 2005) (defendant sole owner of trucking company which provided entire income for family, who needed the time to arrange for sale of company prior to incarceration); *United States v. Charger*, 918 F. Supp. 301 (D.S.D. 1996) (positive family influence on alcoholic defendant and likely granting of downward departure at sentencing); *United States v. Perez*, 1998 U.S. Dist. Lexis 10113 (D. Conn. June 10, 1998) (learning disability, mental condition, potential custody issues of children and employment record); *United States v. Ameneiro*, 1996 U.S. Dist. Lexis 1448 (N.D. Ill. 1996) (employment up until time of incarceration, failure to flee while on bond, ties to community and length of expected sentence); *United States v. Boston*, 824 F. Supp. 98 (N.D. Tex. 1993) (defendant pleaded guilty and cooperated and might be subject to retaliation if

incarceration before sentencing); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (relationship to family, and to unrelated family, medical condition, and employment); *United States v. Stein*, 1992 U.S. Dist. Lexis 10781 (D. Or. July 15, 1992) (employment and a place to stay while on release, full cooperation with Pretrial Services before trial, strong family ties and no risk of danger to community).

Here, without limitation, the following "exceptional reasons" warrant Mr. Davis' continued release pending self-surrender pursuant to a BOP designation:

- Mr. Davis' daughter Melissa is expecting her first child. The due date is July 5, 2014. Mr. Davis desires to be present for the birth of his first grandchild prior to reporting to prison, and his daughter wishes him to be present for the birth of her child. Allowing Mr. Davis to self-surrender after the birth of his grandson will be of significant benefit to the Davis family, while imposing little burden on the government;

- As set forth in the Defendant's sentencing memorandum and as demonstrated by his conduct, Mr. Davis' poses no risk of flight or danger to the community; in addition, the Court should take into consideration as a circumstance that there was nothing "violent" whatsoever about his offense conduct;

- Given Mr. Davis' lack of criminal record or experience in jail, and the nature of the offense of conviction, his remand to the general population of a local detention facility threatens to expose him to greater distress and potential danger than may otherwise be the case;

- Under BOP classification procedures, Mr. Davis is more likely to be classified to a lower security facility with access to a broader range of educational and rehabilitation services if he is permitted to self-report.

WHEREFORE, Mr. Davis should be permitted to self-surrender in the event a custodial sentence is imposed.

                    Respectfully submitted,
                    MICHAEL E. DAVIS,
                    By his attorney,

                    /s/ Ian Gold
                    Ian Gold BBO# 665948
                    Federal Public Defender
                    51 Sleeper Street, 5th FL
                    Boston, Massachusetts 02210
                    (617) 223-8061 (phone)
                    ian_gold@fd.org

Date:  April 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, Apr. 23, 2014.

/s/ Ian Gold
Ian Gold